# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1398V

| | |
|---|---|
| ANGELA SAPORITO, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 21, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*David M. Paris, Piro, Zinna, et al., Nutley, NJ, for Petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 26, 2021, Angela Saporito filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of receiving an influenza vaccine in her left shoulder on October 6, 2019. Petition, ECF No. 1. On January 13, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 47.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $18,462.19 (representing $17,225.00 in fees plus $1,237.19 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 28, 2025. ECF No. 52. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 52.

Respondent reacted to the motion on April 8, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 54. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests that I apply the hourly rate of $500.00 for work performed by her attorney, David M. Paris, in the 2020-25 timeframe. This rate requires adjustment for time billed in 2020.

Given his 1978 New Jersey bar date, Mr. Paris had approximately 42 years of experience as of 2020, placing him in the OSM Fee Schedule range of attorneys with 31+ years of experience[3]. As such, his proposed rate of $500.00 is $16.00 dollars greater than the maximum amount allowed for any Program attorney in the year 2020, based on the applicable range as set forth in the Schedules. Instead, I find the hourly rate of $484.00 to be more appropriate for work performed by Mr. Paris in 2020. **Application of the foregoing reduces the amount of fees to be awarded herein by $101.12.**[4] For work performed in the 2021-25 timeframe, however, I find attorney Paris's proposed rate of $500.00 reasonable and within the applicable Fee Schedule ranges for his level of experience and shall be awarded. And all time billed to the matter was otherwise reasonably incurred.

## ATTORNEY COSTS

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). I have reviewed the requested costs. Petitioner has provided supporting documentation for most of the claimed costs, except for $129.24 in costs that have not been substantiated with the required supporting documentation, such as an invoice for each cost claimed or proof of payment. ECF No. 52 at 11-31. I will nevertheless reimburse these costs in full, since the unsubstantiated amount is not particularly large. But counsel should note that any future requests for costs may result in a curtailed (or denied) award for failure to include the required supporting documentation. *See*

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[4] This amount consists of reducing attorney Paris's hourly rate for year 2020 and is calculated as follows: ($500 - $484 = $16 x 6.32 hours billed in 2020) = $101.12.

Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-74 (emphasis added).[5]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $18,361.07 (representing $17,123.88 in fees plus $1,237.19 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.